a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALPHONSE NGILI, Petitioner | CIVIL DOCKET NO. 1:26-CV-01268 SEC P |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| BRIAN ACUNA ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by Petitioner Alphonse Ngili ("Ngili"), an immigration detainee at the Central Louisiana ICE Processing Center in Jena, Louisiana. Ngili alleges that his continued detention is unlawful.

Because there is no significant likelihood of Ngili's removal in the reasonably foreseeable future, the Petition should be GRANTED.

### I. Background

Ngili is a native and citizen of the Democratic Republic of Congo ("DRC"). ECF No. 1 at 1. He entered the United States in 2000, and was ordered removed in 2001. ECF No. 7-1 at 1. The Board of Immigration Appeals affirmed the decision on December 12, 2002. *Id.*

More than 22 years later, on September 30, 2025, Ngili "was encountered [by] Memphis Safe Taskforce DHS Agents and taken into ICE custody." ECF No. 7-1 at 2. He has remained detained since that date. *Id.*

## II. Law and Analysis

The Court has jurisdiction to consider Ngili's challenge to his continued detention. *See Nguyen v. Noem*, No. 5:25-CV-176, 2026 WL 237282, at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it. Thus, . . . the Court retains jurisdiction to review his detention."); *Kokoreva v. Unknown Party*, No. 3:25-CV-1700, 2025 WL 2981626, at *2 (N.D. Tex. Oct. 7, 2025) ("[T]he Court retains jurisdiction to review a noncitizen's detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (quotation omitted), *report and recommendation adopted*, 2025 WL 2980642 (N.D. Tex. Oct. 22, 2025); *Yousef v. Warden Richwood Corr. Ctr.*, No. 25-CV-1947, 2025 WL 3784489, at *2 (W.D. La. Dec. 10, 2025), *report and recommendation adopted*, 2026 WL 19378 (W.D. La. Jan. 2, 2026).

After an alien is ordered removed, the Government has 90 days with which to effectuate the removal. *See* 8 U.S.C. § 1231(a)(1)(A). However, § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). In fact, detention for up to six months is "presumptively reasonable." *Id.* Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.; see also* 8 C.F.R. § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating

that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006). The alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, No. 03-cv-1293, 2003 WL 21805198, at 4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

If the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing with evidence or release the alien. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018); *Zadvydas*, 533 U.S. at 701.

Ngili's removal order became final on December 12, 2002, and he has been detained since September 30, 2025, so the presumption of reasonableness no longer applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025); *see also Altayb v. U.S. Immigration & Customs Enf't*, 1:25-CV-01615, 2026 WL 550093, at *1 (W.D. La. Feb. 9, 2026), *adopted by* 2026 WL 544292 (W.D. La. Feb. 26, 2026).

Ngili asserts that there is no significant likelihood of his removal in the foreseeable future because the Government has been unable to remove him for the past 24 years, and he has not been asked to take any steps toward effectuating his removal. Ngili contends that the DRC has not accepted him for repatriation. ECF Nos. 1, 8.

The burden shifts to the Government to provide evidence of a significant likelihood that Ngili will be deported in the reasonably foreseeable future. The

evidence presented substantially corroborates Ngili's claim that removal remains uncertain. According to the declaration of Assistant Field Office Director Matthew Reaves ("Reaves"), ICE sent a travel document request to the DRC on October 16, 2025, and has received no reply. ECF No. 7-1 at 2. Nonetheless, Reaves concludes that removal is likely to occur in the reasonably foreseeable future.

After more than nine months of post-final-order detention, and 23 years since the removal order became final, the Government's evidence establishes only that it continues to await a response from the DRC. Reaves's conclusion that removal is likely in the reasonably foreseeable future is speculative. The Declaration contains no information indicating whether the DRC acknowledged the request for travel documents or whether Enforcement and Removal Operations has had any communications with the DRC since October 16, 2025. ECF No. 7-1 at 2.

Courts in this District have held that the Government's burden to furnish evidence demonstrating that removal is significantly likely in the reasonably foreseeable future is not met by a pending request for travel documents alone. *See Nguyen v. Bowen*, 25-CV-1560, 2026 WL 1179066, at *5 (W.D. La. Apr. 14, 2026), *recommendation adopted,* 2026 WL 1172680 (W.D. La. Apr. 29, 2026) ("Respondents provide no evidence—or reasons to conclude—that a travel document is forthcoming"); *Johnson v. Young*, 2013 WL 1571938, at *2 (W.D. La. Feb. 11, 2013), *recommendation adopted*, 2013 WL 1571272 (W.D. La. Apr. 12, 2013) (the argument that the Jamaican consulate had not yet refused to issue travel documents was insufficient to meet the Government's burden); *Fermine v. Dir. of Immigr. & Customs*

*Enf't*, 2007 WL 2284606, at *4 (W.D. La. May 23, 2007); (finding no significant likelihood of removal in the reasonably foreseeable future where ICE was continuing efforts to obtain a travel document, and Trinidad had not yet refused the request).

The Declaration indicates that ERO has taken a single step—in over 24 years—to remove Ngili, and its request for a travel document has gone unanswered. Whatever latitude § 1231(a)(6) and executive policy may afford for temporary, good-faith efforts to secure travel documents, they does not authorize indefinite civil detention based solely on speculative or undefined possibilities of removal. *See Zadvydas*, 533 U.S. at 689–701.

## III. Conclusion

Because there is no significant likelihood of Ngili's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition be GRANTED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, July 9, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE